# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | | |
|---|---|---|
| MELISSA CAROL WHALEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-cv-00056-TWP-DML |
| | ) | |
| NAVIENT SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on Defendant Navient Solutions, LLC's ("Navient") Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) ([Filing No. 11](#)). After receiving multiple unwanted telephone calls on her cellular telephone, Plaintiff Melissa Whalen ("Whalen") filed her Complaint against Navient, asserting claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and the Indiana Deceptive Consumer Sales Act, Ind. Code § 24-5-0.5 ("IDCSA") ([Filing No. 1](#)). Whalen alleges that Navient continued to call her regarding her student loan debt even after she asked Navient to stop calling her. Navient filed its Motion to Dismiss, asserting that a TCPA exemption permits telephone calls to be made to collect debts guaranteed by the United States. As the servicer for Whalen's federally-guaranteed loans, Navient asserts that its calls to Whalen fall within the TCPA exemption, thereby barring her claims. For the following reasons, the Court **GRANTS** Navient's Motion to Dismiss.

## I. BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the Complaint and draws all

inferences in favor of Whalen as the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

Navient is the largest servicer of student loans in the United States. It is based out of Delaware. It is in the business of collecting and attempting to collect student loans that are owed to others by using the mail and telephone ([Filing No. 1 at 2](#)). Whalen is an Indiana resident who, approximately six years before filing her Complaint, entered into an obligation for a student loan in order to further her education. *Id.*

After experiencing financial hardship because of health challenges, Whalen could not stay current on her student loan repayment obligations. In approximately January 2017, after she had defaulted on her student loan, Whalen began receiving telephone calls from Navient on her cellular phone. *Id.* at 2–3. When answering Navient's phone calls, Whalen would be greeted by a prerecorded message or experience a silent pause before she was connected to a live representative. Because she lacked the ability to pay Navient, Whalen demanded that it stop calling her cellular phone, and Navient's representative told her that she would make a note of her request in Navient's system. *Id.* at 3.

Despite Whalen's request to stop the phone calls, Navient continued to call her cellular phone multiple times during the same day up until she filed her Complaint. Whalen has asked Navient to stop calling her on multiple occasions, but Navient continued calling Whalen at least twenty-five times after she told Navient to stop. On one occasion, Whalen asked Navient to stop calling her, and the representative responded, "I can call you whenever I want." ([Filing No. 1 at 3](#)–4.)

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint

that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### III. **DISCUSSION**

The TCPA prohibits any person from "mak[ing] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone

3

number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii). Whalen filed this action against Navient based on this general prohibition against using an automatic telephone dialing system or an artificial or prerecorded voice to make telephone calls to cellular phones.

However, on November 2, 2015, Congress amended this section of the TCPA as part of its enactment of the Bipartisan Budget Act of 2015, Pub. L. No. 114-74 ("Budget Act"). Section 301 of the Budget Act amended the TCPA to include the language, "unless such call is made solely to collect a debt owed to or guaranteed by the United States." 47 U.S.C. § 227(b)(1)(A)(iii). Based on this exemption from the TCPA, Navient filed its Motion to Dismiss, asserting that Whalen's claims fall outside the reach of the TCPA's prohibition against calls to cellular phones.

Navient explains that autodialed phone calls are now exempt from the TCPA's prior express consent requirement when the calls are made solely to collect a debt owed to or guaranteed by the United States. Navient points to a decision from another district court in this District to support its position:

> [T]he applicable sections of the TCPA now explicitly *do not* make it unlawful for anyone to make autodialed, artificial-voice, or prerecorded-voice calls to both wireless phones and residential landline phones, without the prior express consent of the called party, if the calls are made solely to collect a debt owed to or guaranteed by the United States.

*Workman v. Navient Sols., Inc.*, 2016 U.S. Dist. LEXIS 97909, at *7–8 (S.D. Ind. July 27, 2016) (citation and quotation marks omitted). Navient also points to the Federal Communication Commission's ("FCC") May 6, 2016, Notice of Proposed Rulemaking for further support to this proposition.

Navient asserts that the amendment to the TCPA applies to Whalen's student loan because her loan is guaranteed by the United States under its Federal Family Education Loan Program

("FFELP"). Navient argues that Whalen's FFELP student loan "is the quintessential federal student loan." ([Filing No. 12 at 6](#).) "The FFEL Program is an umbrella term for four different guaranteed student loan programs . . . . Prior to 1992, Federal Family Education Loans were typically referred to as 'Guaranteed Student Loans.'" *Morgan v. Markerdowne Corp.*, 976 F. Supp. 301, 308 n.4 (D.N.J. 1997). Navient explains that the federal government's status as guarantor of FFELP student loans means those loans constitute a debt guaranteed by the United States, and thus, the TCPA amendment applies. Navient argues that Whalen's claims must be dismissed because her student loans are guaranteed by the United States and Navient's phone calls occurred after the TCPA was amended and concerned collecting a debt guaranteed by the United States. It asserts that, even accepting as true all the facts alleged in the Complaint, there is no viable claim asserted because of the TCPA amendments, which allow Navient's phone calls.

Whalen responds that the exemption provided by the Budget Act's amendment is not yet effective and will not be until all of the FCC's regulations are in effect.[1] Whalen argues that Congress knew the TCPA amendment would need additional clarification, so Congress explicitly required the FCC to issue regulations to implement the amendment. In the Budget Act, Congress prescribed, "Not later than 9 months after the date of enactment of this Act, the Federal Communications Commission, in consultation with the Department of the Treasury, shall prescribe

---

[1] In her introductory paragraph, Whalen fleetingly suggests, "In addition, Defendant has not provided any evidence demonstrating that the loan at issue in this case is 'owed to or guaranteed by the United States government,' and thus, the Budget Act would not apply to this case anyway." ([Filing No. 13 at 1](#)–2.) Three sentences later, Whalen acknowledges that "the loans which Defendant was calling to collect upon are part of the Family Federal Education Loan Program ('FFELP')." *Id.* at 2. Despite this admission that her loan is a FFELP loan—which is a loan guaranteed by the United States—Whalen provides no factual support and advances no legal argument regarding her loan not being guaranteed by the United States. Because Whalen does not develop or support this argument, the Court will not address it further. This undeveloped argument cannot defeat dismissal. *Boomer v. AT&T Corp.*, 309 F.3d 404, 422 n.10 (7th Cir. 2002) (where party fails to support position with any legal analysis or citation, the argument is waived); *United States v. Lanzotti*, 205 F.3d 951, 957 (7th Cir. 2000) ("perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived").

regulations to implement the amendments made by this section." Pub. L. No. 114-74, § 301(b) (Nov. 2, 2015).

Whalen points out that, months after the TCPA was amended, the FCC explained, "[W]e determine that the consumer-protection rules regarding stop-call requests and conveyance of those requests are so integral to this regulatory scheme that the remaining rules should not become effective until the consumer-protection rules are in place." *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 2016 WL 4250379, 31 F.C.C. Rcd. 9074, ¶ 60 (Aug. 11, 2016). By statute, Congress gave authority to the FCC to "restrict or limit the number and duration of calls made to a telephone number assigned to a cellular telephone service to collect a debt owed to or guaranteed by the United States." 47 U.S.C. § 227(b)(2)(H).

Whalen argues that because Congress directed the FCC to prescribe regulations to implement the amendment, and implementing means to put into effect, the amendment to the TCPA could not go into effect until after the FCC's regulations went into effect. Whalen asserts that the FCC regulations are not fully in effect, and thus, the amendment to the TCPA is not yet in effect and cannot save Navient from this lawsuit.

Whalen also directs the Court to two email communications from an employee at the U.S. Department of Education, wherein the employee directed Department of Education loan servicers to wait on implementing the changes to the TCPA until further guidance was provided.

Replying to Whalen's argument, Navient explains that the Budget Act's directive to the FCC—to prescribe within nine months regulations to implement the TCPA amendment—merely gave a deadline within which the FCC needed to act. It did not in any way state that the TCPA amendment would become effective only after FCC regulations were enacted. Navient asserts that the unambiguous language of the Budget Act stated that the TCPA "is amended," not "will be

6

amended" or "will take effect when," so it was effective on the date it was enacted on November 2, 2015.

Navient explains that Congress easily could have stated that the TCPA amendment would be effective at a later date if that was its intent. Congress did in fact provide for a later effective date for other non-TCPA amendments in the Budget Act. By way of example, Navient explains,

> Section 501 of the Budget Act provides that the amendments to 29 USCA § 1306 (relating to premium rates under the Employee Retirement Income Security Program) "*shall apply to plan years beginning after December 31, 2016*." Budget Act, PL 114-74, 129 Stat 584, § 501 (emphasis added). Similarly, Section 812 of the Budget Act (pertaining to the Social Security Act, 42 U.S.C. 423(d)(5)) provides:
>
>> The amendment made by subsection (a) shall apply with respect to determinations of disability *made on or after the earlier of—*
>> (1) *the effective date of the regulations issued by the Commissioner under subsection (b)*; or
>> (2) *one year after the date of the enactment of this Act*.
>
> *Id.*, § 812 (emphasis added). Section 301(a) does not provide an alternative effective date. Congress had the ability to determine when each provision of the Budget Act would be effective, and it chose to make the [TCPA] Amendment effective immediately, not at some point in the future.

([Filing No. 14 at 2](#)–3.)

Navient directs the Court's attention to the FCC's own guidance, which explained that sections of the TCPA "now" exempt phone calls to cellular phones to collect debts owed to or guaranteed by the United States. *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 2016 WL 4250379, 31 F.C.C. Rcd. 9074, ¶ 5 (Aug. 11, 2016); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 2016 WL 2759146, 31 F.C.C. Rcd. 5134, ¶ 4 (May 6, 2016).

Further replying to Whalen's argument, Navient asserts the FCC could not decide in August 2016 to prohibit conduct that had been undertaken based on Congress's amendment to the

TCPA enacted in November 2015, and additionally, the TCPA amendment reflected a decision from Congress, which the FCC has no authority to overrule. The FCC's decision to wait on implementing its own rules and regulations has no bearing on the effective date of statutes passed by Congress. Navient also argues that Whalen's reliance on two Department of Education emails is misplaced because the emails have no binding authority and the emails were directed to loan servicers connected to Department of Education loans, but the FFELP loan at issue in this case is not a Department of Education loan. Navient concludes that the TCPA amendment was effective upon enactment of the Budget Act, and that amendment bars Whalen's claims in this matter.

The Court is persuaded by Navient's arguments concerning the amendment to the TCPA. The amendment became effective on November 2, 2015, when Congress enacted the Budget Act. It is telling that Congress specifically made other sections of the Budget Act effective at later dates while not providing a future effective date to the TCPA amendment. The FCC (and the Department of Education) lacks authority to amend a statute of Congress, and thus, the rules and regulations of the FCC could not change the effective date of the TCPA amendment in the Budget Act. Whalen acknowledges that the amendment permits phone calls to cellular phones to collect debts owed to or guaranteed by the United States, and she only argues the effective date of the amendment. Because the Court determines that the TCPA amendment was in effect at all times relevant to Whalen's claims, the Court concludes that Whalen's claims must be dismissed because Navient's phone calls were exempt from the TCPA's prohibition.[2]

### IV. CONCLUSION

For the foregoing reasons, Defendant Navient Solutions, LLC's Motion to Dismiss ([Filing No. 11](#)) is **GRANTED**. Plaintiff Melissa Whalen's claims are dismissed with prejudice. Final

---

[2] Whalen's Indiana state law claim under the IDCSA is predicated on her federal TCPA claim, and thus, dismissal of her state law claim also is appropriate.

judgment will issue under separate order.

**SO ORDERED.**

Date: 3/9/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Ahmad Tayseer Sulaiman
SULAIMAN LAW GROUP LTD.
ahmad.sulaiman@sulaimanlaw.com

Mohammed O. Badwan
SULAIMAN LAW GROUP LTD.
mbadwan@sulaimanlaw.com

Taxiarchis Hatzidimitriadis
SULAIMAN LAW GROUP LTD.
thatz@sulaimanlaw.com

Nathan C. Volheim
SULAIMAN LAW GROUP, LTD.
nvolheim@sulaimanlaw.com

Robert F. Seidler
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART PC
rob.seidler@ogletreedeakins.com